12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jubal CARSON, Defendant-Appellant.
 No. 93-5634.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1993.
 
 Before: MARTIN and RYAN, Circuit Judges; and MATIA, District Judge.*
 PER CURIAM.
 
 
 1
 Jubal Carson appeals the sentence he received after pleading guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. Sec. 922(g)(1). Carson claims that the district court improperly calculated his total offense level under Section 2K2.1 of the Sentencing Guidelines. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 On August 7, 1978, Jubal Carson was convicted in the Criminal Court of Knox County, Tennessee of attempted concealment of stolen property, a crime punishable by imprisonment for a term exceeding one year. Nearly thirteen years later, on June 10, 1991, Carson entered Jim and Dave's TV Repair Shop in Knoxville, Tennessee. Unbeknownst to Carson, the shop was being used as a front for a sting operation arranged by the Antifencing Unit of the Knoxville Police Department. While under video surveillance, Carson sold a .32 caliber revolver and various other items to an undercover officer for $590.00. Over the next ten days, officers twice recorded Carson with an additional firearm in his possession. The second and third weapons, a semi-automatic rifle and a .38 caliber revolver, had been stolen.
 
 
 3
 A federal grand jury returned a three-count indictment on December 18, charging Carson with being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). Pursuant to a plea agreement with the government, Carson entered a plea of guilty to Count One on November 16, 1992. The remaining counts were dismissed on the government's motion.
 
 
 4
 At sentencing, the district court adopted the probation officer's application of the Sentencing Guidelines and found that Carson's offense level was properly enhanced by two levels pursuant to Section 2K2.1(b)(4). Under this section, a defendant's offense level merits a two-level increase "[i]f any firearm was stolen, or had an altered or obliterated serial number." U.S.S.G. Sec. 2K2.1(b)(4). To support the application of Subsection (b)(4), the probation officer noted that the weapons referenced in Counts Two and Three had been stolen. Finding that the acts charged in the dismissed counts met the criteria for relevant conduct under Section 1B1.3, the probation officer applied Subsection (b)(4)'s two-level increase to arrive at an adjusted offense level of fourteen. Over Carson's objection to the stolen firearm increase, the district court sentenced Carson to a thirty-three month term of imprisonment and a three year term of supervised release. This timely appeal followed.
 
 
 5
 Carson challenges the district court's application of Section 2K2.1 on two grounds. We review the district court's application of the Sentencing Guidelines to undisputed facts de novo. United States v. Wilson, 920 F.2d 1290, 1294 (6th Cir.1990).
 
 
 6
 Initially, Carson asserts that the acts enumerated in Counts Two and Three were not "part of the same course of conduct or common scheme or plan as the offense of conviction." 1B1.3(a)(2). Claiming that all three counts could not have been grouped together under the closely-related count provisions of Section 3D1.2(d), Carson argues that the actions underlying Counts Two and Three--his possession of stolen firearms--were improperly considered as relevant conduct pursuant to Section 1B1.3(a)(2). We disagree.
 
 
 7
 As the 1991 amendments to the Sentencing Guidelines make clear, felon in possession charges are subject to grouping under Section 3D1.2(d). See U.S.S.G. Sec. 3D1.2(d); see also U.S.S.G. Sec. 3D1.2 comment. (n. 6) (Subsection d) provides that most firearms offenses "are to be grouped together"). Application of Section 1B1.3(a)(2), the relevant conduct provision, thus turns solely on whether Carson's illegal possession of the stolen semi-automatic rifle and the stolen .38 caliber revolver is considered part of the "same course of conduct" as his possession of the .32 caliber revolver. In this context, the " 'same course of conduct' concept ... looks to whether the defendant repeats the same type of criminal activity over time. It does not require that acts be 'connected together' by common participants or by an overall scheme." United States v. Sanders, 982 F.2d 4, 9 (1st Cir.1992) (citing United States v. Perdomo, 927 F.2d 111, 115 (2d Cir.1991)), cert. denied, 113 S.Ct. 2937 (1993). Here, Carson repeated the identical criminal offense--possession of a firearm--on three separate occasions within a period of less than two weeks. Under these circumstances, the district court properly considered the conduct underlying Counts Two and Three in computing Carson's sentence.
 
 
 8
 Carson's second challenge to his sentence is also without merit. Contending that the district court's consideration of conduct charged in the counts dismissed pursuant to his plea agreement violates due process, Carson urges this Court to reconsider our holding in United States v. Smith, 887 F.2d 104 (6th Cir.1989). This is an invitation we must decline.
 
 
 9
 In Smith, this Court concluded that "all conduct that formed part of defendant's criminal course of conduct, scheme or plan, including the possession of the drug quantities charged in the dismissed count, should be considered in determining defendant's sentence." Smith, 887 F.2d at 106-07. Subsequent cases have only reinforced this view. See United States v. Davern, 970 F.2d 1490, 1494 (6th Cir.1992) (en banc) (an offense level is determined on the basis of the defendant's relevant conduct, not just the acts charged in the count of conviction), cert. denied, 113 S.Ct. 1289 (1993). Moreover, in United States v. Silverman, this Court held that a defendant's due process rights are not violated where the district court considers hearsay evidence of other relevant conduct in fashioning a sentence. United States v. Silverman, 976 F.2d 1502, 1506 (6th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1595 (1993). Given the quantity and quality of the supporting evidence here, we are convinced that the district court properly included the conduct alleged in the dismissed counts in computing Carson's sentence.
 
 
 10
 For these reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation