81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dushon HAMPTON, Defendant-Appellant.
 No. 95-1354.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1996.
 
 1
 Before: KENNEDY and MOORE, Circuit Judges, and WELLS, District Judge.*
 
 ORDER
 
 2
 Dushon Hampton appeals a district court judgment of conviction and sentence following his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Hampton to 27 months of imprisonment and two years of supervised release and imposed a $50 special assessment. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In this timely appeal, Hampton challenges the district court's inclusion of 24 firearms in calculating his relevant conduct under the Sentencing Guidelines.
 
 
 4
 Initially, we note that Hampton only made conclusory objections in the district court to the inclusion of these firearms in determining his relevant conduct. Hampton did not present to the district court the specific arguments that he now raises on appeal. Consequently, he has waived consideration of these arguments. See United States v. Sheffey, 57 F.3d 1419, 1431 (6th Cir.1995), cert. denied, 1995 WL 729881 (U.S. Jan. 8, 1996) (No. 95-6938).
 
 
 5
 Nonetheless, we conclude that Hampton's arguments are without merit because the district court properly included the 24 firearms in calculating Hampton's relevant conduct pursuant to USSG § 1B1.3. It was reasonably foreseeable to Hampton that the package he obtained from the United Parcel Service office contained illegal firearms, although he may not have known the exact quantity of firearms contained in the package. See United States v. Velasquez, 28 F.3d 2, 5 (2d Cir.) (no requirement exists under the guidelines that the defendant knows or foresees the total quantity of drugs in his possession in order to be sentenced for the full amount), cert. denied, 115 S.Ct. 679 (1994). The district court also properly included the four firearms seized from Hampton's home on a subsequent occasion, because Hampton was clearly engaging in the same course of conduct underlying his conviction (being a felon in possession of a firearm). See United States v. Carson, No. 93-5634, 1993 WL 524224, at * 2 (6th Cir. Dec. 15, 1993) (unpublished per curiam); United States v. Powell, 50 F.3d 94, 104 (1st Cir.1995).
 
 
 6
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation