Dushon HAMPTON, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 01–2022.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2002.

Before GUY and BATCHELDER, Circuit Judges; QUIST, District Judge.*

## ORDER

Dushon Hampton appeals pro se from a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In October 1994, a grand jury in the Eastern District of Michigan returned a three count indictment against Hampton, charging him with unlicensed dealing in firearms in violation of 18 U.S.C. § 922(a) (count one), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (count two), and possessing a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k) (count three). In December 1994, Hampton pleaded guilty to count two, and the remaining counts were dismissed pursuant to the parties' plea agreement. The court sentenced him to 27 months of imprisonment. A panel of this court affirmed his convictions and sentence on appeal. *United States v. Hampton*, No. 95–1354, 1996 WL 153916 (6th Cir. Apr. 2, 1996).

Thereafter, Hampton filed a timely § 2255 motion, arguing that: 1) his § 922(g) conviction is invalid because his civil rights had been restored; 2) section 922(g) is unconstitutional; and 3) counsel rendered ineffective assistance. Upon review, the district court denied the motion as without merit. However, the district court granted Hampton a certificate of appealability (COA) as to his claim that his § 922(g) conviction is invalid because his civil rights had been restored. On appeal, a panel of this court concluded that Hampton's civil rights had been restored, and that the record did not reflect that the government could establish guilt on the § 922(g) charge. *Hampton v. United States*, 191 F.3d 695 (6th Cir.1999). Hence, the court vacated the district court's judgment denying the motion to vacate, and remanded the case for further proceedings, "to allow Petitioner the opportunity to make a showing of actual innocence on all charges presented in the indictment."

Thereafter, the government filed a motion seeking the dismissal of the § 2255 motion. Hampton responded, essentially asserting the following issues: 1) grand jury abuse and "vindictive" indictment; 2) ineffective assistance for failure to raise a

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

restoration of civil rights argument; 3) speedy trial violation; 4) the burden to prove actual innocence had been improperly shifted to him; 5) improper arrest and prosecution based on racism; and 6) his conviction is invalid because it was based on a predicate offense that was a misdemeanor that occurred when he was a juvenile. The district court held an evidentiary hearing in order to permit Hampton an opportunity to present evidence of his actual innocence. Hampton was represented by counsel at the hearing, but he declined to put forth evidence of his actual innocence as to counts one and three. Hence, the court denied his § 2255 motion.

This court granted Hampton's application for a COA as to the following issue: whether the district court properly denied Hampton's § 2255 motion as to his claim that his § 922(g) conviction is invalid. *Hampton v. United States,* No. 01–2022 (6th Cir. Jan. 23, 2002). Hampton reasserts his argument that his conviction is invalid because it was based on a predicate offense that was a misdemeanor that occurred when he was a juvenile. He also argues, for the first time, that this court's instructions on remand were improper because there had been no determination that the "dropped charges" were "greater charges." He has also filed a motion for the appointment of counsel, and a motion for recusal.

Initially, we note that Hampton does not raise on appeal his claims numbered 1–5 above. As he has not argued these issues on appeal, they are considered abandoned and not reviewable. *See Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir. 1991).

We also note that Hampton did not raise his claim that the dismissed charges are not "greater charges" in the district court. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. *See Noble v. Chrysler Motors Corp., Jeep Div.,* 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case. Thus, we will not address this argument.

Upon review, we conclude that the district court properly denied Hampton's § 2255 motion to vacate. This court reviews de novo a district court's denial of a § 2255 motion, but reviews its findings of fact for clear error. *Riggs v. United States,* 209 F.3d 828, 831 (6th Cir.), *cert. denied,* 531 U.S. 884, 121 S.Ct. 200, 148 L.Ed.2d 140 (2000). A petitioner is entitled to relief under § 2255 only if he shows a fundamental defect in the proceedings which resulted in a complete miscarriage of justice or an egregious error which violated due process. *Id.*

First, the record reflects that in May 1986 (when Hampton was 20 years old), he was convicted of attempt to conceal a weapon in violation of M.C.L. § 750.227. The offense is a felony punishable by a prison term of "not more than 5 years." *See* M.C.L. §§ 750.227(1) and 750.92(2). Hence, Hampton was not a minor at the time of his prior conviction, and the offense was not a misdemeanor. Therefore, the prior offense properly served as a predicate for the § 922(g) charge.

Second, Hampton failed to meet his burden of establishing his actual innocence to the dismissed charges. When a petitioner alleges that he is actually innocent of a charge to which he pleaded guilty, he must establish that he is not only actually innocent of the charge which was vacated, but he must also demonstrate that he is actually innocent of all other more serious charges which the government dismissed during the plea bargaining process. *See Bousley v. United States,* 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Luster v. United States,* 168 F.3d 913, 915 (6th Cir.1999).

**830**

Here, in exchange for Hampton's guilty plea to being a felon in possession of a firearm, the government dismissed two other charges, unlicensed dealing in firearms and possessing a firearm with an obliterated serial number. Hence, in order to be entitled to § 2255 relief, Hampton was required to establish his actual innocence to these dismissed charges. Although Hampton was afforded the opportunity to present evidence of his actual innocence to these charges, he expressly chose not to present any such evidence during his hearing on remand. Therefore, the district court properly denied Hampton's § 2255 motion.

Accordingly, we deny Hampton's pending motions and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.