**Dushon HAMPTON, Plaintiff–Appellant,**

v.

**Diane MARION, et al., Defendants–Appellees.**

No. 03–2077.

United States Court of Appeals, Sixth Circuit.

April 29, 2004.

Dushon Hampton, Detroit, MI, pro se.

William L. Woodard, Detroit, MI, for Defendant–Appellee.

Before GUY, GILMAN, and COOK, Circuit Judges.

## ORDER

Dushon Hampton, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, a grand jury in the Eastern District of Michigan returned a three count indictment against Hampton, charging him with unlicensed dealing in firearms in violation of 18 U.S.C. § 922(a) (count one), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (count two), and possessing a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k) (count three). In 1994, Hampton pleaded guilty to count two, and the remaining counts were dismissed pursuant to the parties' plea agreement. The court sentenced him to 27 months of imprisonment. A panel of this court affirmed his convictions and sentence on appeal. *United States v. Hampton,* No. 95–1354, 1996 WL 153916 (6th Cir. Apr. 2, 1996).

Thereafter, Hampton filed a timely § 2255 motion, which the district court denied as without merit. However, the district court granted Hampton a certificate of appealability (COA) as to his claim that his civil rights had been restored. On appeal, a panel of this court concluded that Hampton's civil rights had been restored. *Hampton v. United States,* 191 F.3d 695 (6th Cir.1999). Hence, the court vacated the district court's judgment denying the motion to vacate, and remanded the case for further proceedings, "to allow Petitioner the opportunity to make a showing of actual innocence on all charges presented in the indictment."

Thereafter, the government filed a motion seeking the dismissal of the § 2255 motion. The district court held an evidentiary hearing in order to permit Hampton an opportunity to present evidence of his actual innocence. Hampton was represented by counsel at the hearing, but he declined to put forth evidence of his actual innocence as to counts one and three. Hence, the court denied his § 2255 motion. On appeal, this court affirmed the district court's judgment. *Hampton v. United States,* 46 Fed.Appx. 827 (6th Cir.2002).

Subsequently, Hampton filed this civil rights complaint. Hampton sued two Assistant United States Attorneys (AUSAs) Diane Marion and Jennifer Peregord, Special Agent Gary Marion, the "United States Attorney in Detroit," and the Bureau of Tobacco and Firearms (ATF) in Detroit. Hampton essentially alleged that: 1) AUSAs Marion and Peregord knowingly violated his constitutional rights by coercing him to plead guilty, failing to correct an erroneous district court decision, and using unethical tactics that were supported by judges; 2) his civil rights were violated because of a "secret proceeding" and by lies having been told to the grand jury; 3) a conflict of interest existed between the prosecutor and an ATF agent; 4) his rights were violated by an inaccurate transcript; and 5) his rights were violated by improper jury instructions. Upon review, the district court granted the defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Hampton has filed a timely appeal, essentially reasserting his claims.

Upon review, we conclude that the district court properly granted the defen-

dants' motion to dismiss. Generally, this court reviews de novo a district court judgment dismissing a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). *Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990); *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990). Similarly, this court reviews de novo the dismissal of a complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). *Allard v. Weitzman (In re De-Lorean Motor Co.),* 991 F.2d 1236, 1239–40 (6th Cir.1993). The court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Id.* at 1240.

■ The district court properly dismissed Hampton's complaint. Hampton essentially argued that he is being illegally confined because the defendants violated his rights during his criminal trial. In *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court ruled that a state prisoner cannot bring a § 1983 action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief. *Id.* at 489–90 (claim for damages is not cognizable). Hampton has not successfully challenged his prior conviction.

■ The district court also properly concluded that Hampton's claims against the individual defendants were barred for the following reasons. First, Hampton did not specify the capacity in which he sued the AUSAs, Special Agent Marion, or the "United States Attorney in Detroit." Therefore, these defendants are presumptively sued in their official capacity. *See Wells v. Brown,* 891 F.2d 591, 592–93 (1989). Federal employees sued in their official capacity are immune from suit unless sovereign immunity has been expressly waived. *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir.2002). Hampton did not indicate that the United States has waived its immunity from suit. Second, the district court properly dismissed Hampton's claims against the AUSAs because they were entitled to prosecutorial immunity. *Burns v. Reed,* 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Pusey v. City of Youngstown,* 11 F.3d 652, 658 (6th Cir.1993).

■ Third, the district court correctly concluded that the individual defendants are entitled to qualified immunity. Officials are entitled to qualified immunity from liability for civil damages so long as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The courts must analyze individual claims of qualified immunity on a case-by-case basis, to determine if the plaintiff's constitutional rights were so clearly established at the time of the alleged misconduct that any official in the defendant's position would understand that he is violating those rights. *See Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Here, the defendants are entitled to qualified immunity with respect to Hampton's prosecution because, at the time, there was case law that supported his prosecution for being a felon in possession a firearm. In addition, Hampton has

not established a violation of his constitutional rights with respect to his claim concerning a "secret proceeding" and lies being told to the grand jury because he waived his right to trial by pleading guilty and because he declined to put on any evidence that he was not guilty of counts 1 and 3.

■ Finally, the district court properly dismissed Hampton's claims against the ATF. Hampton cannot pursue a *Bivens* claim against the ATF because such a claim may not be brought against a federal agency. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.