Reginald LUSTER, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 97–1774.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 23, 1998.

Decided Feb. 24, 1999.

James C. Thomas (argued and briefed), Detroit, MI, for Petitioner–Appellant.

Joseph J. Allen, Asst. U.S. Attorney (argued and briefed), Office of U.S. Attorney, Detroit, MI, for Respondent–Appellee.

Before: WELLFORD, SILER, and GILMAN, Circuit Judges.

WELLFORD, Circuit Judge.

This is another of many cases in which the plaintiff seeks relief pursuant to 28 U.S.C. § 2255 based on *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

On September 7, 1989, a federal grand jury returned a nine-count indictment charging Reginald Luster with conspiracy to possess cocaine with the intent to distribute (count one), attempted possession of cocaine with intent to distribute (counts three and nine), using and carrying of a firearm during a drug-trafficking crime (count four), felon in possession of a firearm (counts five and seven), and unregistered possession of a handgrenade (count eight). Prior to his arrest, Luster fled the jurisdiction and became a fugitive. The United States Marshal Service located Luster in June of 1993, almost four years after the indictment was returned.

In December of 1993, Luster and his appointed counsel negotiated a plea agreement whereby Luster agreed to plead guilty to using or carrying a firearm in violation of 18 U.S.C. § 924(c) (count four), and to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (count five). In return, the government agreed to dismiss all remaining counts, including the more serious drug counts. On March 31, 1994, the district court sentenced Luster pursuant to the guilty plea, imposing a term of 60 months on count 4 and a consecutive sentence of 120 months on count 5, for a total of 15 years imprisonment.

■ On December 6, 1995, the Supreme Court decided *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and held that a defendant must have been engaged in "active employment of the firearm" in order to be convicted of "using" a firearm pursuant to § 924(c). *Bailey,* 516 U.S. at 144, 116 S.Ct. 501. The Court emphasized that "use" does not include mere possession of the firearm, but includes such uses as "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire" the weapon. *Id.* at 143, 148, 116 S.Ct. 501. On December 29, 1995, Luster filed the instant motion pursuant to 28 U.S.C. § 2255, challenging his guilty plea and sentence on count four, claiming that the evidence was insufficient to show that he

used or carried a firearm within the meaning of § 924(c).[1]

The district court rejected Luster's petition, finding that although the claim was not procedurally barred for failing to raise the issue at trial or on direct appeal, the evidence was sufficient to show that Luster had "carried" the gun in relation to a drug activity. The court reasoned that, because the gun was immediately available for Luster's use during the drug transaction, he was guilty of "carrying" the firearm as that term had been interpreted in post-*Bailey* decisions. *See United States v. Riascos–Suarez,* 73 F.3d 616, 623 (6th Cir.1996) (finding that a defendant may be convicted for "carrying" a firearm if the firearm is within his or her reach). Luster filed the instant appeal.

On May 18, 1998, about four months before oral arguments had been heard in this appeal, the Supreme Court decided *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), which controls the disposition of the instant case. In *Bousley,* the petitioner had pled guilty to "using" a firearm pursuant to § 924(c). After *Bailey* was decided, the petitioner sought collateral relief pursuant to § 2255, claiming that his conduct did not satisfy the new "active employment" standard. The petitioner had not challenged the validity of his plea on direct appeal and, thus, had procedurally defaulted his claim. *Bousley,* 118 S.Ct. at 1610. Because of the procedural default, the Court held that the petitioner could maintain his habeas claim only if he could first demonstrate either that "cause" and "actual prejudice" existed to excuse his failure to raise the issue on direct appeal, or that "the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'" *Id.* at 1611 (citations omitted). The petitioner attempted to demonstrate the requisite "cause" by arguing that "the legal basis for his claim was not reasonably available to counsel" at the time of his plea, and that any such argument would have been futile prior to the decision in *Bailey.* The Supreme Court rejected those argu-

---

1. Luster also argued in his § 2255 petition that his sentence violated the double jeopardy clause. The district court rejected that claim based on the fact that Luster had not shown cause to excuse his failure to raise that claim on direct appeal. Luster does not challenge that ruling, and has therefore abandoned that claim for purposes of appellate review.

ments, holding that the decision in *Bailey* was not sufficiently novel to qualify as a legal basis that "was not reasonably available to counsel." The Court opined that "the Federal Reporters were replete with cases involving challenges to the notion that 'use' is synonymous with mere 'possession.'" *Id.* The futility argument was similarly rejected.

In addressing the petitioner's claim that he was "actually innocent," the Court noted that, although the petitioner had not raised the issue initially in his § 2255 motion, the government did not claim that the argument was waived. Thus, the Court remanded the case to the district court to allow the petitioner to make a showing of his "actual innocence." In doing so, the court clarified "that 'actual innocence' means factual innocence, not mere legal insufficiency," and that "[i]n cases where the government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 1611–12.

■ Luster agrees that the holding in *Bousley* precludes him from relying on the *Bailey* decision to establish the requisite "cause" for his failure to raise his present argument on direct appeal. He argues, however, that we should remand this case to the district court to allow Luster to establish his actual innocence. Unlike the situation in *Bousley,* the government in this case argues that Luster has failed to allege "actual innocence" on direct appeal or in his § 2255 motion and has therefore forfeited his claim. Furthermore, the government points out that Luster admitted to possessing cocaine with the intent to distribute during his sentencing hearing, which relates to his culpability in the drug crime charges in the indictment that were forgone pursuant to the plea agreement.

The government relies on two sources of information in the record regarding the circumstances surrounding the § 924(c) "use or carry" charge. The first source is the transcript of Luster's sentencing hearing, a part of which sets out:

THE COURT: And tell me as to Count 4—Count 4 alleges that you were in possession of a firearm during a drug transaction. They claim this happened on or about November 4th, 1988, somewhere near the Eastern District of Michigan.

Tell me what happened that makes you feel you're guilty of that offense.

MR. LUSTER: Well, I had possession of a .337 Magnum and possession of drugs.

THE COURT: And possession of drugs?

MR. LUSTER: Yes.

THE COURT: Were you going to sell those drugs or give them away, or anything like that?

MR. LUSTER: Yeah, sell 'em.

THE COURT: You were going to sell them?

MR. LUSTER: Yes, sir.

The second source of evidence is the Presentence Investigative Report ("the Report"), which supplemented Luster's plea. That report indicates that on November 4, 1988, DEA agents obtained 11 kilograms of 95% pure cocaine destined for delivery to Luster. The agents then conducted a controlled delivery of 11 kilograms of sham cocaine, coated with detection powder, to a certain residence, apparently not Luster's home. Shortly after the delivery, the agents executed a search warrant for that residence, and found Luster, Renaldo Sullivan Vantrees, and the box of sham cocaine. Furthermore, the report states that "Luster was in the living room and within his reach on the living room floor was a loaded Taurus .357 Magnum revolver." The report also reveals that the detection powder was found on Luster's hands.

■ In order to prove "actual innocence," Luster must show that, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted him." As stated above, "actual innocence" means *factual* innocence of the "use and carry" charge and must also extend to the more serious crimes in the indictment forgone by the government.

In light of the undisputed circumstances described in the presentence report and Luster's admissions at his plea hearing, we find that Luster cannot show the requisite factual innocence. The record supplies us with over-

whelming evidence of culpability, and Luster's plea serves as an admission that he is not innocent of the crimes charged. *United States v. Skinner,* 25 F.3d 1314, 1316 (6th Cir.1994).

Accordingly, we **AFFIRM** the district court's denial of Luster's § 2255 petition, albeit for different reasons.