Henry HOWARD, Petitioner–Appellant,

v.

U.S. DEPARTMENT OF JUSTICE,
et al., Respondents–Appellees.

No. 00–3133.

United States Court of Appeals,
Sixth Circuit.

Jan. 26, 2001.

Before WELLFORD, RYAN, and SUHRHEINRICH, Circuit Judges.

Henry Howard, a pro se federal prisoner, moves for in forma pauperis status and appeals a district court order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

In 1993 in the United States District Court for the Eastern District of Wisconsin, Howard pleaded guilty to conspiring to distribute cocaine, 21 U.S.C. § 846, and to using and carrying a firearm in relation to a drug trafficking crime. *See* 18 U.S.C. § 924(c). In exchange for the guilty plea, the government dismissed three charges of distribution of cocaine. Howard was sentenced to seventeen years and one month of imprisonment. On direct appeal, the Seventh Circuit affirmed his convictions. Howard filed numerous post-conviction relief proceedings, including a 28 U.S.C.

§ 2255 motion to vacate sentence, a prior § 2241 habeas corpus petition, and a Federal Rule of Civil Procedure 60(b) motion in the § 2255 case. He was denied relief in all of these proceedings.

In his present § 2241 petition, Howard cited the cases of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Howard claimed that he was actually innocent of the § 924(c) charge because he never used a weapon in connection with a drug trafficking offense. The district court denied the petition on two grounds. First, the court held that Howard had not shown that a § 2255 proceeding was inadequate or ineffective to provide Howard with relief. Second, the court held that Howard had not made any plausible argument that he was innocent of "carrying" a firearm under § 924(c).

We affirm the judgment of the district court on the ground that Howard has not met his burden of showing that his remedy under § 2255 was inadequate or ineffective. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). To show actual innocence in a guilty plea context, a petitioner must show not only that he is innocent of the charge he seeks to attack, he also must show that he is actually innocent of the other charges the government chose to forego during the plea bargaining process. *See Bousley*, 523 U.S. at 624, 118 S.Ct. 1604; *Luster v. United States*, 168 F.3d 913, 915 (6th Cir.1999). Howard has made no attempt to show that he is innocent of the other three charges which the government dismissed as part of the plea bargain. Therefore, his petition lacks merit.

The motion for in forma pauperis status is granted, and the order of the district court is affirmed under Rule 34(j)(2)(C), Rules of the Sixth Circuit.