RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0120p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

─────────────────

ARTHUR VANWINKLE,

               *Petitioner-Appellant,*

    *v.*

UNITED STATES OF AMERICA,

               *Respondent-Appellee.*

No. 09-3462

─────────────────

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
Nos. 08-00415; 07-00070-001—Walter H. Rice, District Judge;
Michael R. Merz, Magistrate Judge.

Argued: March 11, 2011

Decided and Filed: May 11, 2011

Before: KEITH, McKEAGUE, and KETHLEDGE, Circuit Judges.

─────────────────

**COUNSEL**

**ARGUED:** Mark W. Mosier, COVINGTON & BURLING LLP, Washington, D.C., for Appellant. Benjamin C. Glassman, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Mark W. Mosier, COVINGTON & BURLING LLP, Washington, D.C., for Appellant. Benjamin C. Glassman, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellee.

─────────────────

**OPINION**

─────────────────

KEITH, Circuit Judge. Petitioner-Appellant Arthur Vanwinkle pled guilty to use of an access device and possession of device-making equipment in violation of 18 U.S.C. § 1029(a). In return, the government dismissed the other, more serious offenses for which he was indicted. Vanwinkle subsequently filed a 28 U.S.C. § 2255 motion to

vacate his sentence, arguing that his guilty plea was legally insufficient. Because Vanwinkle's claim is procedurally defaulted and he fails to demonstrate his factual innocence from the more serious offenses with which he was charged, we **AFFIRM** the district court's denial of his motion to vacate his sentence.

## I. BACKGROUND

Arthur Vanwinkle, with the aid of two others, engaged in a conspiracy to acquire, transfer and dispose of stolen goods and merchandise obtained from various retail stores. The details of the scheme were simple. Vanwinkle created a false Uniform Pricing Code ("UPC") label[1] at home for an item of cheaper value. He then went to a store and placed the false label on an item that cost a great deal more than the false label indicated. He then purchased the item. Some of these items were then sold to pawn shops or sold online and shipped to buyers. Other items were returned to a store at full price—the labels were removed prior to re-entering the store—in return for a merchandise credit card. Vanwinkle then used the merchandise credit cards to continue the scheme and obtain other items fraudulently. Vanwinkle executed this scheme all over Ohio at Lowe's Home Improvement Stores, Home Depot Stores, Wal-Mart and Meijer, Inc. for over a year, until he was apprehended by police.

On April 24, 2007, a federal grand jury returned a seven-count indictment charging Vanwinkle with conspiracy to use unauthorized access devices in violation of 18 U.S.C. § 371 (Count One); unauthorized possession of access device-making

---

[1]The Northern District of Illinois defined a UPC as follows:

> UPC bar codes are used by virtually every large retailer utilizing a point-of-sale system where products being purchased are scanned at the register. A UPC bar code affixed to a retail product contains three pieces of information: the manufacturer's Uniform Commercial Code membership identification number, the product's identifier number, and a calculated check digit to ensure that the scanner reads the code correctly. . . . The UPC bar code does not contain the name or description of the product, the price of the product, or any details about the product. The UPC bar code is meaningless unless it is linked to a store's product database. When a product is scanned, the product's identification number is compared to the product identification numbers in the store's product database and information such as manufacturer, product name, product description and price is used to complete the sale of the product.

*United States v. Bruce*, 531 F. Supp. 2d 983, 984 (N.D. Ill. 2008). Because Vanwinkle affixed the false UPC bar code to the merchandise via a fraudulently-made label, we will herein refer to the item as a "UPC label."

equipment in violation of 18 U.S.C. §§ 2 and 1029(a)(4) (Count Two); unauthorized use of a counterfeit access device in violation of § 1029(a)(1) (Count Three); use of unauthorized access devices during a one-year period to obtain things of value in an aggregate of $1,000 or more in violation of § 1029(a)(2) (Count Four); and mail fraud, wire fraud, and conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, 1349 (Counts Five, Six and Seven).

On August 8, 2007, Vanwinkle entered a plea agreement whereby he pled guilty to Counts One and Two for conspiracy to use unauthorized access devices (the UPC labels) and unauthorized possession of device-making equipment. In exchange, the government agreed to dismiss the remaining counts of the indictment, including the more serious mail and wire fraud charges. On January 17, 2008, the district court sentenced Vanwinkle to sixty months of imprisonment for Count One and sixty-three months of imprisonment for Count Two, to be served concurrently. Vanwinkle did not directly appeal his plea or sentence.

In November 2008, Vanwinkle filed a motion to vacate his sentence pursuant to § 2255. He challenged his sentence, raised an ineffective assistance of counsel claim, and challenged the legality of his forfeiture of property to pay restitution. On December 29, 2008, he amended his motion to add a claim based upon the recent district court decision in *United States v. Lutz*, No. 3:06-CR-495, 2008 WL 4449082 (N.D. Ohio Sept. 30, 2008). For the first time, Vanwinkle challenged the legal sufficiency of his guilty plea, arguing that a fraudulent UPC label was not an "access device" as defined under § 1029(a) because it did not access an "account" as required under the statute.

The magistrate judge rejected Vanwinkle's claims in his Report and Recommendation to the district court. As to his sentencing challenges, the magistrate judge found the claims were procedurally defaulted. Concerning the forfeiture claim, the magistrate judge found that Vanwinkle failed to state a cognizable claim for review. The magistrate judge also dismissed Vanwinkle's ineffective assistance of counsel claim. Addressing the merits of Vanwinkle's legal sufficiency claim, the magistrate judge explained that Vanwinkle's scheme involved obtaining merchandise gift cards upon

return of the merchandise originally obtained with the false UPC label, and he accessed the account he created with the vendor by using the false UPC label in the first place. Moreover, the magistrate judge found the use of the merchandise credit cards was essential to the scheme; thus, Vanwinkle's overall scheme did violate § 1029(a).

The district court, on March 30, 2009, adopted the magistrate judge's Report and Recommendation in its entirety. However, noting that reasonable jurists could disagree with the disposition of the legal sufficiency claim, the court granted Vanwinkle a certificate of appealability on this sole issue.

## II. ANALYSIS

We now address Vanwinkle's claim that the district court either lacked jurisdiction to enter the plea or violated Vanwinkle's due process rights by permitting him to plead guilty for a violation of § 1029 because a UPC label does not constitute an access device under the statute. On appeal, we review the district court's legal conclusions de novo and its factual findings for clear error. *Regalado v. United States*, 334 F.3d 520, 523-24 (6th Cir. 2003).

### A. Vanwinkle's Jurisdictional Challenge

Before the district court, Vanwinkle argued pro se that the district court lacked subject matter jurisdiction to enter a guilty plea for violation of § 1029(a) because what he did "is no federal crime." Additionally, on appeal to this court, Vanwinkle argues that "a district court has no jurisdiction to accept a guilty plea and to sentence a defendant for conduct that does not violate federal law." While it is true that a question of subject matter jurisdiction may be raised at anytime, *United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997), Vanwinkle's claim is more properly considered as a legal sufficiency challenge. *See United States v. Tunning*, 69 F.3d 107, 112-13 (6th Cir. 1995) (interpreting a challenge to whether defendant's guilty plea for credit card fraud violated § 1029(a) as a Rule 11 factual sufficiency of the plea question); *see also United States v. Cotton*, 535 U.S. 625, 631 (2002) (holding that a defective indictment will not strip a district court of its jurisdiction over the case). The indictment properly charged

Vanwinkle with violations of §§ 1029(a), 371, 1341, 1343, and 1349, all of which are cognizable federal offenses over which the district court had subject matter jurisdiction. Accordingly, the jurisdiction challenge is unpersuasive. The district court had subject matter jurisdiction to accept Vanwinkle's guilty plea, and we now have appellate jurisdiction to review the district court's denial of habeas relief under § 2255.

### B. Vanwinkle's Procedurally Defaulted Due Process Challenge

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks and citation omitted). Vanwinkle argues on appeal that, because a UPC label is not an access device under § 1029(a), his due process rights were violated when he was permitted to plead guilty to an offense based on conduct not prohibited by the statute. This argument raises an issue of statutory interpretation, which must first be raised by a petitioner on direct appeal. *See Logan v. United States*, 434 F.3d 503, 508 (6th Cir. 2006). Vanwinkle failed to raise the issue concerning his plea on direct appeal, and therefore he procedurally defaulted the claim he now seeks to advance on collateral review. *Id.*

A procedurally defaulted claim may only be raised on habeas "if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley*, 523 U.S. at 622 (citations omitted). However, the Court made clear in *Bousley* that "'actual innocence' means factual innocence, not merely legal insufficiency." *Id.* at 623. Additionally, "[i]n cases where the [g]overnment has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624.

Here, Vanwinkle does not rely upon "cause and prejudice" to excuse his failure to raise this claim on direct appeal; rather, he relies on actual innocence—and it is his burden to prove such innocence. *Id.* at 623. However, Vanwinkle failed to argue in his § 2255 motion, let alone demonstrate, his actual innocence to the "more serious" charges in the indictment: mail fraud, wire fraud, and conspiracy to commit mail and wire fraud

in violation of 18 U.S.C. §§ 1341, 1343, and 1349.**2**  In his amended § 2255 motion, Vanwinkle simply argued legal insufficiency based upon the *Lutz* decision.  Even on appeal before this court, he neglected to claim actual innocence of the "more serious" charges until his reply brief to the government's response.

Vanwinkle argues that he did not have the opportunity to demonstrate his actual innocence before the district court, as procedural default was not raised until the government's response before this court, and thus we should remand the case for an evidentiary hearing.  He argues for the first time before this court that he is actually innocent of the mail and wire fraud charges because the mail and wire fraud transmissions were not sufficiently connected to the alleged UPC fraud.  Normally, Vanwinkle's failure to raise this argument below would mean that he waived it.  *See United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001).  But Vanwinkle says—correctly—that procedural default is an affirmative defense, so he must answer the defense only after the government asserts it.  *See Gray v. Netherland*, 518 U.S. 152, 165-66 (1996); *Pachla v. Saunders Sys., Inc.*, 899 F.2d 496, 502 (6th Cir. 1990).  In Vanwinkle's first filing after the government raised the defense, he responded to the government's argument that this claim was defaulted.  We will therefore consider it on the merits.

The record, considered as a whole, indicates that Vanwinkle cannot demonstrate actual innocence from the mail and wire fraud charges.  The indictment stated that Vanwinkle "disposed of a portion of the fraudulently obtained merchandise by selling it on-line through the internet using one of three E-bay accounts," sent a fraudulently-obtained vacuum cleaner in interstate commerce through FedEx, and negotiated the sale of a fraudulently-obtained vacuum cleaner via email.  These same facts were set forth

---

**2**Vanwinkle pled guilty to Counts One and Two of the indictment, which exposed him to penalties of up to five to fifteen years of imprisonment, respectively.  18 U.S.C. §§ 371, 1029(a)(4).  The mail and wire fraud counts would have exposed him to penalties of up to twenty years of imprisonment for each count.  18 U.S.C. §§ 1341, 1343, 1349.  Vanwinkle concedes that "the 'more serious' issue [is determined] by looking at the maximum statutory sentence for each offense," but fails to address the dismissed charges from the indictment as he must under *Bousley*.  *See Peveler v. United States*, 269 F.3d 693, 700 (6th Cir. 2001).

in Vanwinkle's presentencing report as well, to which Vanwinkle did not object.[3]  As we previously held in *Luster v. United States*, Vanwinkle must show his actual innocence in light of all the evidence, including the undisputed circumstances described in the presentence report.  168 F.3d 913, 915 (6th Cir. 1999).  Additionally, Vanwinkle's plea "serves as an admission that he is not innocent of the crimes charged."  *Id*.  It is clear based upon the record that he cannot show his actual innocence, nor has he provided this court with any additional evidence to suggest otherwise.  Thus, Vanwinkle cannot demonstrate his actual innocence as required to surpass the hurdle he faces to excuse his procedural default.  *See Peveler v. United States*, 269 F.3d 693, 700 (6th Cir. 2001) ("The 'hurdle' [a petitioner] faces in excusing his procedural default is 'intentionally high . . ., for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." (quoting *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000)).

As mentioned above, Vanwinkle's legal sufficiency challenge that he raised in his amended § 2255 motion—that he did not violate § 1029(a) because a UPC label is not an access device under 18 U.S.C. § 1029(e)(1)—is procedurally defaulted.  Because the record demonstrates that he cannot demonstrate his actual innocence from the more serious mail and fraud charges, we need not reach the merits of his claim in this instance.  Similarly, we abstain from reaching the merits of Vanwinkle's alternative argument—that he is actually innocent of using the merchandise credit cards to further his fraudulent scheme contrary to the magistrate judge's findings—because he failed to make the requisite showing of actual innocence to the mail and wire fraud charges as well.

Vanwinkle tries to avoid reaching the actual innocence issue by arguing that the government waived its right to make a procedural default challenge.  The magistrate judge reached the merits of Vanwinkle's statutory challenge when it explained that use

---

[3]Vanwinkle specifically concedes that he had the opportunity to challenge the assertions in the presentencing report, noting that "[e]ven in the sentencing context, . . . a defendant is given the opportunity to refute the information in the presentence report."  *See United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir. 1992).

of the merchandise credit cards falls within the scope of § 1029(a) because it accesses the account created between the vendor and Vanwinkle. The district court adopted the magistrate judge's Report and Recommendation in its entirety, and rejected Vanwinkle's legal sufficiency challenge on the merits. Vanwinkle now argues that, because the government failed to object to the magistrate judge's finding in its favor on the merits, the government cannot argue procedural default on appeal. In support of this argument, Vanwinkle relies on *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). There, the court held that a party must file objections to the magistrate judge's report and recommendation with the district court within the time permitted, or else waive the right to appeal. *Id*. at 949-50; s*ee also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (affirming the *Walters* rule as a valid exercise of the court of appeal's supervisory power). The holding in *Walters*, however, is distinguishable from our case. There, the magistrate judge ruled in the appellant's favor, and the government failed to object to the adverse finding at all. Thus, the court held that the government waived its right to appeal. Here, the magistrate judge ruled in the government's favor on the merits, and the government merely chose not to object to this finding by raising an alternative ground for finding in its favor. "[W]e have held that a party, who substantially prevails in a magistrate judge's recommendation, does not waive the right to appeal secondary issues resolved against him by failing to object to the recommendation." *Souter v. Jones*, 395 F.3d 577, 586 (6th Cir. 2005). "Such a requirement would only frustrate the judicial economy and litigant expense policies that underlie the *Walters* rule." *Id*. (quoting *Turpin v. Kassulke*, 26 F.3d 1392, 1400 (6th Cir. 1994)). Here, the magistrate judge recommended that the district court rule in the government's favor on all of Vanwinkle's claims, including the legal sufficiency claim, on the merits. To require the government to object to this recommendation is illogical given the purpose of the *Walters* rule. Accordingly, the government did not waive the right to argue that Vanwinkle had procedurally defaulted his legal sufficiency claim, and we may properly consider the issue on appellate review.

Under *Bousley*, Vanwinkle must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal citations and quotation marks omitted). Here, Vanwinkle fell far short of

demonstrating his actual innocence to any of the charges against him. Instead, he rested his hat upon the legal insufficiency claim. However, because he failed to excuse his procedural default, we decline to reach the merits. Hence, we affirm the district court's denial of Vanwinkle's § 2255 motion, though on different grounds.

## III.  CONCLUSION

For the reasons stated above, the district court's denial of Vanwinkle's § 2255 motion is, hereby, **AFFIRMED**.