NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0651n.06

No. 10-1978

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Sep 01, 2011**

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR THE |
| | ) EASTERN DISTRICT OF MICHIGAN |
| DONALD LILLY, | ) |
| | ) |
| Defendant-Appellant. | ) |

Before: GIBBONS, ROGERS, and COOK, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Following a traffic stop, defendant-appellant

Donald Lilly was charged with possession with intent to distribute marijuana, in violation of 21

U.S.C. § 841(a)(1). Lilly was convicted by a jury and sentenced to thirty months' imprisonment, to

be served consecutively to his thirty-month sentence for a violation of supervised release. He

appeals a district court order denying his motion to suppress evidence seized from his vehicle. For

the reasons that follow, we affirm.

I.

On the morning of March 4, 2009, during the course of his routine patrol duty in Mt. Morris

Township, Michigan, Officer Michael Veach of the Mt. Morris Township Police Department

observed Donald Lilly driving southbound on Neff Road. Officer Veach, who was driving

northbound, noticed that Lilly was not wearing a seatbelt and that the windshield of Lilly's 1995

Chevrolet Suburban was cracked. Having observed these two traffic violations, Officer Veach turned his patrol car around, followed Lilly's vehicle for several blocks, and signaled for Lilly to stop by activating his siren and overhead lights. The stop occurred in the lefthand lane on Detroit Street, a four-lane road without a shoulder lane. Upon running Lilly's license plate number through the Law Enforcement Information Network ("LEIN"), Officer Veach learned that the Chevrolet Suburban was registered to Johnnie Brown of Romulus, Michigan, a city approximately 70 to 80 miles away from Mt. Morris Township.

Officer Veach approached the driver's-side window. He explained that he had stopped Lilly for the cracked windshield and seatbelt violations and requested Lilly's license, registration, and proof of insurance. He learned that Lilly resided at the same address as Brown, Lilly's mother. A LEIN check of Lilly's name revealed two outstanding arrest warrants in Genesee County for unpaid child support. Officer Veach then called for assistance, and his partner, Officer Clay Hite, responded. The officers asked Lilly to step outside of the vehicle, informed Lilly that he was under arrest for the outstanding warrants, handcuffed him, and placed him in the backseat of Officer Veach's patrol car.

After Lilly, the sole occupant of the Chevrolet Suburban, had been placed under arrest, the officers determined that the vehicle should be towed and impounded in accordance with the police department's routine procedure. Officer Veach testified that, before impounding a vehicle, police department procedure requires officers to conduct a preliminary inventory check in order to protect the vehicle's property from theft and to protect officers and the impoundment company from allegations of theft. Upon entering Lilly's car, Officer Veach detected a strong odor of marijuana

and found two duffel bags behind the driver's seat. One duffel bag contained two zip-lock bags of marijuana, each weighing approximately one pound. The other duffel bag contained two rolls of cash totaling $10,067. Officer Veach also found a garbage bag containing 27 zip-lock bags of marijuana, weighing approximately 27 pounds, behind the second-row seats. Following the inventory search, the marijuana and cash were seized from Lilly's car, which was then impounded.

II.

On June 17, 2009, a federal grand jury returned an indictment charging Lilly with one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). The government filed an information on August 3, 2009, pursuant to 21 U.S.C. § 851(a), in which it notified the court that Lilly's prior felony drug convictions for the distribution of cocaine and cocaine base rendered him subject to a maximum sentence of ten years' imprisonment. On August 13, 2009, Lilly moved to suppress "any and all evidence seized from [his] person or vehicle" on the ground that the officers' warrantless search of his Chevrolet Suburban violated his rights under the Fourth Amendment of the United States Constitution. After the government filed its response, the district court held a two-day evidentiary hearing on September 28 and October 16, 2009, concerning Lilly's motion to suppress evidence.

At the suppression hearing, Officer Veach testified as to the police department's procedures for impounding vehicles. He stated that it was "routine policy" to impound a car when the sole occupant had been arrested; that a "vehicle [was] never left . . . on the side of the road or in a parking lot . . . due to liability issues"; and that an inventory typically was conducted out of liability and theft concerns. He further stated that impoundment was required in Lilly's case because Lilly's car was

parked illegally in the lefthand lane of a shoulderless, four-lane road and that parking in a traffic lane "would be a road hazard." Although defense counsel questioned the legality of parking on Detroit Street, stating that "there's no indication that [someone] cannot park there," Officer Veach maintained that parking was impermissible because the vehicle would "be directly in a lane of traffic," as there was "no shoulder there or anywhere to park a vehicle."

On cross-examination, Officer Veach testified that his patrol car had been equipped with a camera that recorded Lilly's arrest "from the time [he] stopped [Lilly] to the time the vehicle was impounded." Officer Veach stated that he submitted the tape to Deputy Chief Denny Van Alstein in accordance with department policy and that he "ha[d] no idea" whether the deputy chief still had the tape. On re-direct examination, however, Officer Veach clarified that the March 4 tape was no longer available; the tapes typically are re-circulated after 30 days, and he "believed" the tape had been recorded over. On re-cross-examination, Officer Veach stated that he had spoken with Deputy Chief Van Alstein, who confirmed that the tape had not been preserved. Officer Veach offered no explanation as to why he initially stated that he was uncertain whether the tape was available.

Lilly also testified at the suppression hearing. He maintained that he had been wearing his seatbelt at all times on March 4, 2009, and that he "always dr[o]ve with [his] seatbelt on." Lilly stated that, after being placed in a holding cell in the Mt. Morris Township Police Department, he heard a conversation between two unidentified persons. According to Lilly, one person asked to review the tape of Lilly's arrest and, after a period of silence, allegedly stated that Lilly "did have [] his seatbelt [on]."

After the hearing, on December 7, 2009, a magistrate judge issued a report and recommendation denying Lilly's motion to suppress on the ground that the officers conducted a lawful inventory search of the vehicle. The magistrate judge noted that the police department's policy permits impoundment where vehicles (1) are traffic hazards, (2) are abandoned, or (3) require protection from vandalism and theft, and that Lilly's vehicle satisfied all three requirements. On December 21, 2009, the district court denied Lilly's nine objections and adopted the magistrate judge's report and recommendation in its entirety.

On March 16, 2010, a jury convicted Lilly of one count of possession with intent to distribute marijuana. On July 16, 2010, the district court sentenced Lilly to thirty months of imprisonment and four years of supervised release, to be served consecutively to his thirty-month sentence in a separate case for violating the terms of his supervised release. *See United States v. Lilly*, 4:02-cr-50047. The district court entered its judgment on July 27, 2010, and Lilly timely appealed.

III.

Lilly contends that the district court erred in denying his motion to suppress evidence seized during the inventory search of his vehicle. He argues that Officer Veach contravened the police department's policy governing inventory searches and that the search was conducted for investigatory purposes. In reviewing the denial of a motion to suppress evidence, we review findings of fact for clear error and legal conclusions *de novo*. *United States v. Dillard*, 438 F.3d 675, 680 (6th Cir. 2006). "When the district court has denied the motion to suppress, we review all evidence in a light most favorable to the Government." *United States v. Galloway*, 316 F.3d 624, 628 (6th Cir. 2003).

IV.

The Fourth Amendment prohibits warrantless searches and seizures. U.S. Const. amend. IV. However, "because the ultimate touchstone of the Fourth Amendment is reasonableness, the warrant requirement is subject to certain exceptions." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006) (internal quotation marks omitted). The Supreme Court has long held that a valid inventory search of a vehicle conducted without a warrant does not violate the Fourth Amendment. *Colorado v. Bertine*, 479 U.S. 367, 371–74 (1987); *South Dakota v. Opperman*, 428 U.S. 364, 372 (1976). "Inventory searches serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." *United States v. Smith*, 510 F.3d 641, 650–51 (6th Cir. 2007) (internal quotation marks omitted). In order to be valid, an inventory search must be conducted "according to standard police procedures" and may not be undertaken "for purposes of investigation." *United States v. Lumpkin*, 159 F.3d 983, 987 (citing *Florida v. Wells*, 495 U.S. 1, 5 (1990)); *Smith*, 510 F.3d at 651; *accord United States v. Tackett*, 486 F.3d 230, 232 (6th Cir. 2007) (noting that "officers must conduct a permissible inventory search in good faith, not as a pretext for criminal investigation"). And, we have recognized that a warrantless inventory search may be conducted only where police have "lawfully tak[en] custody of a vehicle." *Smith*, 510 F.3d at 651 (quoting *Lumpkin*, 159 F.3d at 987).

In this case, the Mt. Morris Township Police Department has issued a policy governing vehicle impoundment and inventory searches. This policy provides:

G. INVENTORY SEARCHES

1.      Inventory searches are exceptions to the search warrant requirement, but are only permitted for the following reasons:

  a.      To protect the owner's property.

  b.      To protect officers from false claims.

  c.      To protect officers from the danger of vehicle contents.

2.      Officers may not just routinely impound and inventory any vehicle.  The reason for each impoundment should be clearly stated in each report.

3.      Vehicle inventory searches must be conducted pursuant to department procedure regarding the impounding of vehicles. Vehicles may be impounded for one of the following reasons:

  a.      Traffic hazard

  b.      Abandoned vehicle

  c.      Protection of the vehicle from vandalism or theft

Lilly challenges the validity of the inventory search of his Chevrolet Suburban, contending that Officer Veach violated the police department's standard procedure in two ways.  First, Lilly argues that Officer Veach misstated the police department's impoundment policy by "testif[ying] that it was the routine policy of his department to impound cars any time the only occupant has been arrested."   Second, he argues that Officer Veach failed to state the reasons for impounding Lilly's car in his report.  Based upon these alleged errors, Lilly maintains that "the search here was conducted for investigation, not inventory[,]" and was therefore impermissible under the Fourth Amendment.

To support his first argument that Officer Veach misstated the police department's impoundment and inventory policy, Lilly relies upon ¶ G.2, which provides that "[o]fficers may not just routinely impound and inventory any vehicle." Lilly notes that, in contrast to the language of ¶ G.2, Officer Veach testified that the police department routinely impounds vehicles after the arrest of the vehicle's sole occupant. And, Lilly also claims that Officer Veach's "after-the-fact justifications . . . do not hold up either" because the vehicle was not a traffic hazard, was not abandoned, and did not require protection from vandalism or theft. The district court, however, adopted the magistrate judge's report and recommendation and rejected the argument that Officer Veach contravened the police department's impoundment procedure. The court held that Lilly's vehicle "qualified [for impoundment] under all three prerequisites for towing as laid out by the Mt. Morris Police Department." Because we review the district court's factual findings for clear error, *Dillard*, 438 F.3d at 680, in order to prevail, Lilly must establish that the district court clearly erred in concluding that Officer Veach's testimony supported at least one ground for impoundment, as stated in ¶ G.3 of the police department's policy. We conclude that Lilly has not done so.

Lilly contends here, as before the district court, that his car was not a traffic hazard because the "unrebutted defense evidence showed that there were not any 'no parking' restrictions in that immediate area." The district court rejected this argument, as do we. The magistrate judge, in his report and recommendation, accepted Officer Veach's testimony that Lilly's vehicle was a traffic hazard because it was parked in a traffic lane on Detroit Street, a shoulderless, four-lane road. Indeed, Officer Veach stated that, although he could not recall whether the area was marked with "no parking" restrictions, "[t]here's no shoulder [on Detroit Street] or anywhere to park a vehicle. You'd

be parked directly in one lane of traffic." And, the district court, in rejecting Lilly's objections to the magistrate judge's report, likewise stated that, even if parking was permissible on Detroit Street, "this fact does nothing to rebut Officer Veach's testimony . . . that the vehicle was a traffic hazard." In his appellate brief, Lilly has provided no support for his contention that a vehicle cannot be a traffic hazard if parked in an area without "no parking" signs, and we are not aware of any case law that bolsters this argument. Thus, Lilly has not established that the district court clearly erred in finding that Officer Veach complied with standard procedure when Officer Veach determined that Lilly's vehicle, which was parked in a traffic lane, was a traffic hazard and impounded it. *See, e.g.*, *United States v. Brown*, 91 F.3d 144, 1996 WL 370140, at *2 (6th Cir. 1996) (unpublished table decision) (noting that an officer's inventory search complied with standard procedure when the officer impounded a vehicle that "was stopped in a traffic lane and thus not legally parked").

Nor has Lilly established that Officer Veach contravened ¶ G.2, which prohibits officers from "just routinely impound[ing] and inventory[ing] any vehicle." When asked on direct examination whether it was "routine policy for [his] department to impound cars when . . . the only occupant . . . [had] been arrested," Officer Veach replied, "Yes." But, notwithstanding this apparent misstatement of the police department's impoundment policy, Officer Veach's testimony at the suppression hearing makes clear that he impounded Lilly's vehicle for reasons permitted under ¶ G.3. On cross-examination, Officer Veach testified that he could not leave Lilly's vehicle on Detroit Street because of liability concerns and because it was parked in a lane of traffic on a busy thoroughfare. And, when asked on re-cross-examination whether someone could park "on that area of [Detroit Street]," Officer Veach replied, "No . . . it would be a road hazard." Thus, contrary to Lilly's argument,

Officer Veach's testimony supports the district court's conclusion that Lilly's vehicle was impounded as a traffic hazard, in accordance with ¶ G.3 of the police department's impoundment policy.[1]

Lilly's second argument also lacks merit. He claims that Officer Veach failed to state the reason for impounding Lilly's vehicle in his report, in violation of ¶ G.2, which mandates that "[t]he reason for each impoundment should be clearly stated in each report." However, as the government notes in its response, Lilly did not object to the magistrate judge's report and recommendation on this basis. Rather, in his eighth objection, which addressed Officer Veach's alleged failure to abide by the police department's impoundment policy, Lilly argued that "[t]he government has not established that standardized procedures were followed; rather, Officer Veach followed his own policy of impounding a vehicle anytime the only occupant is arrested." As the language of this objection makes clear, Lilly did not raise the issue of whether Officer Veach violated the police department's standard procedure by failing to articulate a reason for impounding Lilly's car.

In this circuit, "a party must file objections to the magistrate judge's report and recommendation with the district court within the time permitted, or else waive the right to appeal." *Vanwinkle v. United States*, 645 F.3d 365, 371 (6th Cir. 2011) (citing *United States v. Walters*, 638

---

[1]Having concluded that the district court did not clearly err in crediting Officer Veach's testimony that Lilly's vehicle was a traffic hazard, we need not address whether the district court erred in determining that Lilly's vehicle was abandoned and required protection from vandalism or theft. Indeed, the police department's policy on impoundment and inventory searches provides that "[v]ehicles may be impounded for *one* of the following reasons," including traffic hazards. It is therefore unnecessary to decide whether Lilly's vehicle met all *three* reasons for impoundment under ¶ G.3.

F.2d 947, 949–50 (6th Cir. 1981)). "[B]y precluding appellate review of any issue not contained in objections to a magistrate judge's report, this rule of preservation prevents a litigant from sandbagging the district judge by failing to object and then appealing." *Peoples v. Hoover*, 377 F. App'x 461, 463 (6th Cir. 2010) (internal quotation marks omitted). Here, because Lilly did not object to the magistrate's report and recommendation on the ground that Officer Veach failed to state his reason for impounding Lilly's car, Lilly is foreclosed from raising this argument on appeal. The district court properly denied Lilly's suppression motion.

V.

For the foregoing reasons, we affirm the judgment of the district court.