*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0073P (6th Cir.)
File Name: 00a0073p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

―――――――――――

| | |
|---|---|
| ARTHUR CHARLES ELZY, JR., *Petitioner-Appellant,* | |
| *v.* | No. 98-6223 |
| UNITED STATES OF AMERICA, *Respondent-Appellee.* | |

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
Nos. 97-00628; 96-00044—Edward H. Johnstone,
Senior District Judge.

Argued: October 13, 1999

Decided and Filed: March 1, 2000

Before: NELSON, BOGGS, and BATCHELDER, Circuit
Judges.

―――――――――――

## COUNSEL

**ARGUED:** Thomas M. Dawson, Leavenworth, Kansas, for
Appellant. James A. Earhart, ASSISTANT UNITED
STATES ATTORNEY, Louisville, Kentucky, for Appellee.
**ON BRIEF:** David V. Ayres, Leavenworth, Kansas, for
Appellant. James A. Earhart, Terry M. Cushing,

ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

_____

**OPINION**

_____

ALICE M. BATCHELDER, Circuit Judge.   Defendant-Appellant Arthur Charles Elzy appeals from the district court's order denying his 28 U.S.C. § 2255 motion to vacate his sentence.   Elzy's motion claims that the Government breached the terms of the written plea agreement pursuant to which he was convicted and sentenced, a claim Elzy did not raise either at sentencing or on direct appeal.   The district court denied the motion on its merits.   Because we hold that Elzy's claim is procedurally defaulted and he has not demonstrated the cause and prejudice required to excuse that default, we AFFIRM the dismissal of the motion without reaching its merits.

### I.  Factual and Procedural History

Pursuant to a written agreement with the Government, Elzy waived indictment and pled guilty to a superseding indictment which charged him with one count of conspiracy to manufacture marijuana and three counts of tax evasion, and sought forfeiture of certain property.   He was sentenced to four concurrent sentences of 60 months of imprisonment, a $200 fine, and four years of supervised release.   Elzy also agreed to forfeit $100,000 worth of property purchased with the proceeds of marijuana sales and to pay the IRS $75,000, representing the approximate value of the sixty to eighty kilograms of marijuana that he had produced.

One year after he was sentenced, Elzy filed a motion under 28 U.S.C. § 2255 to modify his sentence, alleging that the Government breached the terms of the plea agreement by failing to file a § 5K1.1 downward departure motion in return for Elzy's "substantial assistance" in investigating or prosecuting other criminals.   Elzy had not challenged the

### III. Conclusion

For the foregoing reasons, the district court's denial of Elzy's § 2255 motion is AFFIRMED.

Government's compliance with the plea agreement at sentencing; neither had he requested an evidentiary hearing, or filed a direct appeal.

The relevant section of Elzy's plea agreement provided:

At the time of sentencing, the United States will [...]

E. Consider making a motion for a downward departure pursuant to 18 U.S.C. § 3553(e) and § 5K1.1 of the Sentencing Guidelines, stating the extent to which the Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.

According to the Government, the plea negotiations included lengthy discussions among Elzy and his counsel, the Assistant U.S. Attorney ("AUSA") and federal agents on the meaning of "substantial assistance." The Government advised Elzy that the term meant more than just general information, and that he must provide information that actually advanced an investigation or prosecution. Elzy does not dispute this recounting. Elzy also does not dispute that he refused to participate in undercover operations to gather evidence on others, and had no information to share with the Government regarding current illegal activities. What he did provide was one or two sentences of information about the criminal histories of each of eight associates. Additionally, Elzy's wife, Traci, made efforts to arrange a controlled drug purchase, but only after Elzy was sentenced.

The Government cited three reasons for refusing to file a § 5K1.1 motion: (1) Elzy's failure to provide information that could be corroborated by an independent, credible source; (2) his unwillingness to take any active role in an investigation; and (3) his continued and repeated drug use while on pretrial release. While Elzy was awaiting trial, the AUSA received three bond violation reports from Elzy's probation officer, all for marijuana use.

The district court does not appear to have addressed Elzy's failure to raise at the sentencing hearing or on direct appeal his claim that the Government breached the plea agreement. Instead, after receiving briefs from both parties, the court denied the § 2255 motion on its merits and issued a Certificate of Appealability. This appeal followed.

## II. Analysis

The sole issue raised in this appeal is whether the Government breached the plea agreement by failing to make a § 5K1.1 motion. The Government's failure to adhere to its plea agreement in good faith has been held to implicate a defendant's due process rights. *See Santobello v. New York*, 404 U.S. 257 (1971); *United States v. White*, 71 F.3d 920, 925 (D.C. Cir. 1995); *United States v. Leonard*, 50 F.3d 1152, 1157-58 (2d Cir. 1995). We conclude, however, that by failing to raise it at sentencing or on direct appeal, Elzy waived this claim. Therefore, in order to pursue this claim through a collateral attack on his sentence, he was required to demonstrate in the § 2255 proceedings before the district court cause and prejudice to excuse the double default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); *United States v. Frady*, 456 U.S. 152, 167 (1982); *Murr v. United States*, 200 F.3d 895, 2000 WL 6152, at *4 (6th Cir. 2000). This hurdle is an intentionally high one for the petitioner to surmount, for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal. *See Frady*, 456 U.S. at 165.

The record before us indicates that the only arguable cause for the default would be a claim of ineffective assistance of counsel, but Elzy has never raised such a claim. It is true that in his § 2255 motion, Elzy offered—in response to the pre-printed form's question—that the reason his claim of breach of the plea agreement had never been presented previously was that he had asked his trial counsel to file a direct appeal but his counsel had not done so. It is also true that Elzy's brief in support of his § 2255 motion before the district court acknowledged that he had not claimed either at sentencing or

ineffective assistance of counsel was never objected to in the § 2255 proceedings, and has not been brought before us either.

We also note that the Government failed to raise Elzy's default, either before the district court or before us on appeal. But we are not required to review the merits of defaulted claims simply because the Government has failed to raise the issue. While procedural default is not a jurisdictional bar to review of such a claim, *see Trest v. Cain*, 522 U.S. 87, 118 S. Ct. 478, 480 (1997), and the Government's failure to raise the default may operate as a forfeiture of its right to defend on that ground, *see id.*, we nonetheless may raise these issues *sua sponte*. *See Rosario v. United States*, 164 F.3d 729, 732-33 (2d Cir. 1998) (holding that appellate court may raise issues of default *sua sponte* where necessary to protect, *inter alia*, the finality of federal criminal judgments); *Hines v. United States*, 971 F.2d 506, 508 (10th Cir. 1992) (holding that because concerns of finality of criminal judgments, judicial economy and orderly administration of justice substantially implicate important interests beyond those of the parties, appellate court may raise *Frady* defense *sua sponte*).[2] We conclude that in this case we are justified in raising *sua sponte* the issue of Elzy's double default, and we do so in no small part in order to lay to rest in this circuit the notion advanced by Elzy that the Government's alleged breach of a plea agreement may be raised for the first time in a § 2255 motion without regard to the law of procedural default. Moreover, we see no need in this case to invite supplemental briefs from the parties on the issue, as the procedural default is manifest in the record and there is nothing further that the parties could bring to our attention that could bear upon the default.

---

[2] The issue in *Trest* was whether the district court was required to raise *sua sponte* an habeas petitioner's procedural default, where the Government had failed to raise it. While holding that there is no such requirement, the Supreme Court expressly declined to reach the separate question of whether the law permits the court to raise the issue *sua sponte*. *See Trest*, 118 S. Ct. at 480.

direct appeal constitutes ineffective assistance of counsel and demonstrates both cause and prejudice under the *Frady* test" is wholly insufficient to raise the issue of ineffective assistance of counsel, and although he submitted his own affidavit as well as affidavits of others in support of his § 2255 motion, he submitted nothing with regard to his attorney's failure to file a notice of appeal of his sentence. The district court denied the § 2255 motion on its merits and Elzy filed a notice of appeal and moved for a certificate of appealability from the district court "allowing Elzy to appeal the single issue raised in his § 2255: Whether the Government breached Elzy's plea agreement." Again, Elzy made no mention of any claim that his trial counsel had been ineffective in any regard.

Before us in this appeal, Elzy argues only that the Government breached the plea agreement. His brief makes no mention whatsoever of any claim that he asked his trial counsel to file a notice of appeal of his sentence, or that his trial counsel was ineffective in any regard.

This is not a *pro se* proceeding, and, in fact, Elzy has not proceeded *pro se* at any time. He was represented by retained counsel at trial and sentencing; he retained different counsel who filed his § 2255 motion and accompanying brief and documentation and who represent him in this appeal. We therefore are not bound to construe his pleadings liberally; much less ought we to construe them in such a way as to construct for Elzy the case that he has not made. And even if we were to find that the mere mention in the § 2255 proceedings of trial counsel's failure to file an appeal was sufficient to raise an ineffective assistance claim, which the district court should have considered in order to determine whether it could proceed to the merits of Elzy's claim that the Government breached the plea agreement, we would be constrained to hold that Elzy has waived the issue on appeal because he neither mentioned it in his motion for a certificate of appealability nor raised it in his brief on appeal. In short, the failure of the district court to notice and hold an evidentiary hearing on an implied claim that Elzy had

on direct appeal that the Government had breached the plea agreement, but concluded,

> a Governmental breach of a plea agreement is an issue that can be raised for the first time in a Motion Pursuant to 28 U.S.C. § 2255 either because: 1) the *Frady* cause and prejudice standard does not apply to such a claim; *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993); or (2) counsel's failure to raise the issue either at sentencing or on direct appeal constitutes ineffective assistance of counsel and demonstrates both cause and prejudice under the *Frady* test; *Id.*

*De la Fuente*, however, does not hold that the *Frady* cause and prejudice analysis does not apply to a defaulted claim that the Government breached a plea agreement. In that case, a panel of the Ninth Circuit said, "we note that it is by no means clear that *Frady*'s 'cause and prejudice' requirement applies to claims of government breach of an executed plea agreement. Such a breach implicates the constitutional guarantee of due process." *De la Fuente*, 8 F.3d at 1336. The *De la Fuente* panel went on to say (inexplicably, in our view) that

> the Supreme Court has never held that the *Frady* test applies to *every* claim of constitutional error, but has only applied the test to claims running afoul of an express statutory waiver provision. Thus, under the Court's precedent, some constitutional claims may remain that do not require a showing of 'cause and prejudice' to allow collateral review.

*Id.* (footnote omitted). The panel then referred to the case of *United States v. Benchimol*, 471 U.S. 453 (1985) (per curiam), to make the point that even three years after *Frady*, the Court did not mention procedural default or the cause and prejudice test in ruling on a claim that the Government had breached a plea agreement. But *Benchimol* was brought under Fed. R. Crim. P. 32(d) as well as 28 U.S.C. § 2255. At the time the petitioner in that case was asking to withdraw his plea because the Government had allegedly breached the plea

agreement, Rule 32(d) provided a route for making exactly that kind of collateral attack on a guilty plea. Rule 32(d) at the time of the proceedings in *Benchimol* read:

A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; *but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.*

(emphasis added). There is a good discussion of the rule as it was then in the case of *United States v. Watson*, 548 F.2d 1058,1063-64 (D.C. Cir. 1977):

It will be noted from the foregoing language of the Rule that there is no limitation upon the time within which relief thereunder may, after sentencing, be sought. In this respect it embodies the central feature of collateral attack under 2255. Indeed, it would appear to us that Rule 32(d) can in substance be regarded as a special, and perhaps exclusive, avenue of collateral challenge to an allegedly improper taking of a guilty plea. It contains its own explicit formulation of the standard to be applied, namely, " to correct manifest injustice." And, although it remains for the court to determine the reach of that standard in relation to the facts of a particular case, the express terms of the standard itself have the force of a statute, and were presumably intended to govern in the case of any person seeking belatedly to withdraw his guilty plea. They have at any rate the virtue of being immune from the shifting and still somewhat opaque judicial formulations differentiating between direct appeals and 2255 motions.

(footnotes omitted). By the time the defendant in *De la Fuente* was prosecuted, Rule 32 had been changed to require that prior to sentencing, the court may permit the withdrawal of a plea for any fair and just reason, but after sentence has been imposed, "a plea may be set aside only on direct appeal

or by motion under 28 U.S.C. § 2255." FED. R. CRIM. P. 32(d) (1989).

In our view, the Ninth Circuit had absolutely no basis for its claim that *Frady* may not apply to claims such as the one in *De la Fuente*. Our research reveals no other cases standing for that proposition, and indeed the Supreme Court's decisions in the past decade suggest that the cause and prejudice test should be uniformly applied to all procedural defaults. *See*, *e.g.*, *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 7-8 (1992) ("[T]he cause-and-prejudice standard applicable to failure to raise a particular claim should apply as well to failure to appeal at all. All of the State's interests--in channeling the resolution of claims to the most appropriate forum, in finality, and in having an opportunity to correct its own errors--are implicated whether a prisoner defaults one claim or all of them . . . . As in cases of state procedural default, application of the cause-and-prejudice standard to excuse a state prisoner's failure to develop material facts in state court will appropriately accommodate concerns of finality, comity, judicial economy, and channeling the resolution of claims into the most appropriate forum.") (internal quotations and citations omitted) (explaining *Coleman v. Thompson*, 501 U.S. 722 (1991)).[1] We have never adopted the *De la Fuente* view, and we decline Elzy's invitation to do so now.

Having failed to raise his claim before the district court or on direct appeal, Elzy was required to demonstrate in his § 2255 proceedings cause and prejudice with regard to that default. He did not. Elzy's § 2255 motion raised one issue only, and that was the claimed breach. His conclusory statement in his brief in support of the § 2255 motion that "counsel's failure to raise the issue either at sentencing or on

---

[1] Although *Keeney* addressed a procedural default in state court instead of the federal procedures at issue here, "the federal interest in finality is as great as the States', and the relevant federal constitutional strictures apply with equal force to both jurisdictions." *Frady*, 456 U.S. at 169 n. 17.