NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0452n.06

No. 12-1374

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 23, 2014
DEBORAH S. HUNT, Clerk

SATISH MARISWAMY,                    )
                                     )
        Petitioner-Appellant,        )
                                     )
v.                                   )        ON APPEAL FROM THE UNITED
                                     )        STATES DISTRICT COURT FOR THE
MILLICENT WARREN,                    )        EASTERN DISTRICT OF MICHIGAN
                                     )
        Respondent-Appellee.         )
                                     )
                                     )


BEFORE:     DAUGHTREY, KETHLEDGE, and DONALD, Circuit Judges


        MARTHA CRAIG DAUGHTREY, Circuit Judge.  Satish Mariswamy, an Indian

national, was convicted of first-degree premeditated murder and sentenced to life in prison.  On

state collateral review, Mariswamy argued for the first time that his confession was admitted at

trial in violation of Article 36 of the Vienna Convention on Consular Relations.  He now appeals

the federal district court's denial of his habeas petition, contending that the state court should

have suppressed his confession and that the Michigan state trial court's refusal to overturn his

conviction on the basis of the alleged Vienna Convention violation was contrary to, or

constituted an unreasonable application of, clearly established Supreme Court precedent.

Because Mariswamy's Vienna Convention claim is procedurally defaulted, we affirm.

The murder conviction arose from a fight between Mariswamy and one Vijay Bulla, after Bulla told Mariswamy that he would not permit Mariswamy to marry his (Bulla's) sister-in-law. The fight ended when Mariswamy inflicted blunt force injuries to Bulla's head and slashed his neck with a knife. As part of the police department's investigation, detectives interrogated Mariswamy after he appeared voluntarily at police headquarters. As an Indian national, Mariswamy was entitled to consular access pursuant to Article 36 of the Vienna Convention on Consular Relations, of which the United States is a signatory. The officers, however, never advised Mariswamy of his consular-access right, and he ultimately provided a written confession, which was admitted at trial. A Michigan state jury convicted him of first-degree premeditated murder.

After sentencing, Mariswamy filed an appeal in state court, principally challenging the trial court's ruling that his confession was admissible. The court affirmed his conviction, and the state supreme court rejected his application for leave to appeal. *People v. Mariswamy*, 655 N.W.2d 565 (Mich. 2002). Mariswamy then filed a post-conviction motion for relief from judgment, in which he raised his Vienna Convention claim for the first time. In his motion, Mariswamy contended that his confession should have been suppressed at trial because the interrogating officers violated his right to consular access by failing to inform him of that right and that his conviction was, therefore, unlawful. The court denied his motion, concluding that the claim was procedurally defaulted and also noting defense counsel's concession that Mariswamy's claim under the Vienna Convention was foreclosed by a then-recent case, *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 342 (2006). In that case the Supreme Court held that it lacked the power to mandate suppression in state court trials as a remedy for violations of the Convention committed by state officials. The state court of appeals and state supreme court both

rejected Mariswamy's application for leave to appeal the trial court's decision, citing Michigan's procedural default statute, M.C.L.A. § 6.508(D)(3).

Mariswamy then filed a habeas petition in federal district court, raising various claims of error by the trial court, including his contention that his conviction violated the Vienna Convention.[1] The district court rejected all of Mariswamy's claims, concluding that his Vienna Convention claim lacked merit because the convention did not confer any rights on individuals that are enforceable in federal court. The court also denied Mariswamy's request for a certificate of appealability.

Less than two weeks later, the Supreme Court announced its decision in *Garcia v. Texas*, 131 S. Ct. 2866 (2011), in which a Mexican national who was on death row sought a stay of execution, arguing that his conviction violated the Vienna Convention and that he merited a stay because pending legislation in Congress, if enacted, would create a basis for habeas relief. *Id.* at 2867. Mariswamy filed a motion asking the district court to reconsider its decision denying his request for a certificate of appealability as to his Vienna Convention claim, arguing that *Garcia* raised a "reasonably debatable issue for the Court to consider." The government did not oppose Mariswamy's motion for reconsideration. The district court granted the certificate. We now affirm the district court's denial of Mariswamy's habeas petition, because we conclude that the claim was procedurally defaulted.[2]

---

[1] Mariswamy actually stated that "there was a substantive violation of the Hague Treaty," not that there was a violation of "the Vienna Convention." Read in context, however, Mariswamy clearly intended to allege a violation of the Vienna Convention on Consular Relations. In his brief to this court, Mariswamy explained that the reference to the "Hague Treaty" in his habeas petition was a typographical error.

[2] "While procedural default is not a jurisdictional bar to review . . . and the Government's failure to raise the default may operate as a forfeiture of its right to defend on that ground, we nonetheless may raise these issues *sua sponte*." *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (internal citations omitted). Although the government did not pursue a procedural-default defense on appeal, we exercise our discretion to reach the issue.

To determine whether a habeas petitioner's claim is procedurally defaulted, a court must ask four questions: (1) whether there is an applicable state procedural rule that the petitioner failed to follow; (2) whether the state court enforced its rule; (3) whether the default is an independent and adequate ground on which the state can foreclose review of the petitioner's constitutional claim; and (4) whether the petitioner demonstrated good cause for failing to adhere to the procedural rule and actual prejudice as a result of the constitutional error. *Greer v. Mitchell*, 264 F.3d 663, 672-73 (6th Cir. 2001). In this case, there is an applicable state rule of procedure that prohibits a Michigan state court from granting relief on collateral review on the basis of any claim that could have been raised on appeal. It appears in the Michigan statutes, M.C.L.A. § 6.508, as a procedural rule, M.C.R. 6.508(D)(3). The state courts clearly enforced that rule in Mariswamy's case, because it was the sole basis on which the Michigan Supreme Court rejected his motion for leave to appeal. *See People v. Mariswamy*, 753 N.W.2d 206 (Mich. 2008). Moreover, the Sixth Circuit has previously held that M.C.R. 6.508(D)(3) is an independent and adequate ground for purposes of the procedural-default doctrine, *see Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005), and although Mariswamy contends that trial counsel's failure to raise the Vienna Convention claim constituted ineffective assistance of counsel, he does not develop this argument and we need not address it here. Thus, each procedural-default factor weighs in favor of finding that Mariswamy's Vienna Convention claim was procedurally defaulted.

Accordingly, we AFFIRM.